IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GARY SEBASTIAN BROWN III,

    Plaintiff,

    v.

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

Case No. 6:20-cv-01734-MC

OPINION AND ORDER

**MCSHANE, Judge:**

Plaintiff Gary Sebastian Brown III, a pro se litigant in custody at the Oregon Department of Corrections, brings suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against Defendant Federal Bureau of Investigation ("FBI"). Plaintiff alleges Defendant improperly denied his FOIA request. Defendant moves for summary judgment, arguing it correctly denied Plaintiff's request based on two FOIA exemptions. Because Plaintiff failed to provide sufficient evidence of a significant public interest in the disclosure of the exempted information, Defendant's Motion for Summary Judgment, ECF No. 35, is GRANTED.

## BACKGROUND

Plaintiff filed a FOIA request with Defendant on October 10, 2019. Pl.'s Compl. 2, ECF No. 2. He requested records containing "any witness accounts, narratives, or statements" of Sally Abdelmageed, a witness of a mass shooting at the Inland Regional Center in San Bernardino, California in December 2015. Pl.'s Compl. Ex. 1, at 1. Defendant provided a *Glomar* response[1]

---

[1] A "*Glomar* response" is used to neither confirm nor deny the existence of requested documents where a FOIA exemption would preclude acknowledgement of such documents. *See Phillippi v. CIA*, 546 F.2d 1009 (D.C. Cir.

1 – OPINION AND ORDER

denying Plaintiff's request, citing two FOIA exemptions for protecting the personal privacy of third parties. Pl.'s Compl. Ex. 2, at 1. Plaintiff filed an appeal with the Office of Information Policy ("OIP"), arguing the public interest in the disclosure of the requested records outweighed the asserted privacy interest. Pl.'s Compl. Ex. 3, at 1. The OIP affirmed Defendant's *Glomar* response and denied Plaintiff's request, after which Plaintiff contacted the Office of Government Information Services ("OGIS"). Pl.'s Compl. Ex. 4, at 1; Ex. 5, at 1. The OGIS affirmed Defendant's *Glomar* response and closed Plaintiff's claim. Pl.'s Compl. Ex. 6, at 1–2.

## STANDARDS

The Court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The Court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)).

---

1976); *Minier v. CIA*, 88 F.3d 796, 800 (9th Cir. 1996). An agency may properly issue a *Glomar* response to assert a particular FOIA statutory exemption. *See Wilner v. Nat'l Sec. Agency*, 592 F.3d 60, 68 (2d Cir. 2009); *Hunt v. CIA*, 981 F.2d 1116, 1117–18 (9th Cir. 1992). Here, Defendant's *Glomar* response refused to confirm or deny the existence of investigative records related to Ms. Abdelmageed so as not to constitute an unwarranted invasion of her personal privacy. *See* Seidel Decl. ¶ 5, 7, ECF No. 36; Pl.'s Compl. Ex. 2.

## DISCUSSION

The purpose of the FOIA is to "ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989) (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)). Disclosure, rather than secrecy, "is the dominant objective of the Act." *Id.* Accordingly, any person has the right to request and obtain access to certain government records unless the records are protected from disclosure by a statutory exemption. *See* 5 U.S.C. § 552.

As relevant here, Exemptions 6 and 7 concern disclosure of third-party information and personal privacy. Under Exemption 6, disclosure is not required for "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Under Exemption 7(C), disclosure is not required for "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

When a privacy interest is protected by Exemption 7(C), the person requesting information must provide sufficient evidence of a significant public interest in the disclosure of the requested material. *Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 172 (2004). If a plaintiff asserts as the significant public interest that officials acted negligently or improperly in the performance of their duties, the plaintiff must "establish more than a bare suspicion in order to obtain disclosure." *Id.* at 174. The evidence must "warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Id.*; *see also Lahr v. NTSB*, 569 F.3d

964, 978 (9th Cir. 2009) ("[T]he evidence must show some nexus between the specific requested information and unveiling agency misconduct.").

Plaintiff concedes that his request constitutes an invasion of Ms. Abdelmageed's privacy.[2] Pl.'s Resp. to Def.'s Mot. Summ. J. 13, ECF No. 40. Relying on *Favish*, he argues that Ms. Abdelmageed's witness statements will help reveal government misconduct which outweighs the asserted privacy interest. *Id.* at 16–18. The respondent in *Favish*, similar to Plaintiff here, believed government misconduct was afoot in the investigation of Vince Foster's death, who served as former Deputy Counsel to former President Clinton. 541 U.S. at 160–61. Mr. Favish requested 10 death-scene photos of Foster, disbelieving the government's conclusion that Foster committed suicide. *Id.* at 161.

The Office of Independent Counsel denied Mr. Favish's request under FOIA exemption 7(C), claiming the release of the photos would constitute an unreasonable invasion of personal privacy. *Id.* The Supreme Court recognized that the "asserted public interest in uncovering deficiencies or misfeasance in the Government's investigations" is significant. *Id.* at 173. Even so, to outweigh the privacy interest protected by Exemption 7(C), the Court held a FOIA requester must produce evidence that warrants a reasonable belief that the alleged government misconduct might have occurred. *Id.* at 174. The Court found Mr. Favish's mere skepticism insufficient. *Id.* at 175.

---

[2] Plaintiff argues the Court should give little weight to Ms. Abdelmageed's privacy interest because she gave public statements and participated in interviews about the shooting. Pl.'s Resp. 14. The Court finds little merit in this argument. Courts have consistently held that persons mentioned in law enforcement records, including witnesses, have strong privacy interests which Exemption 7(C) protects. *See Ayuda, Inc. v. FTC*, 70 F. Supp. 3d 247, 273–74 (D.D.C. 2014); *Lahr v. NTSB*, 569 F.3d 964, 975 (9th Cir. 2009); *Favish*, 541 U.S. at 174. Ms. Abdelmageed's private statements to the FBI, if they exist, may differ drastically from what she chose to publicly disclose. And even if the Court gave less weight to Ms. Abdelmageed's privacy interest, Plaintiff still fails to provide any evidence sufficient to warrant a reasonable belief of government impropriety.

4 – OPINION AND ORDER

Plaintiff alleges the officials who investigated the San Bernardino shooting acted improperly by falsifying details of the incident. Pl.'s Compl. Ex. 3, at 2–3. In particular, Plaintiff believes officials presented a fabricated story to the public and the media to cover up an episode of state terrorism by government "death squads."[3] *Id.* at 3–4. Plaintiff points to the statements of several witnesses of the shooting, including Ms. Abdelmageed, who described a team of men as the true perpetrators of the shooting. *Id.* at 4. These descriptions, according to Plaintiff, were "overtly military in appearance" and differed drastically from the shooters the FBI identified. *Id.*

Plaintiff's evidence includes a news article about the shooting which shows the FBI identified only two shooters while witnesses claimed to see three shooters. Pl.'s Resp. Ex. C. Also included are two articles about another mass shooting in Florida in 2017, where witnesses showed a similar sense of confusion surrounding the number of shooters. Pl.'s Resp. Exs. D–E. According to Plaintiff, his evidence suggests "a covert military operation designed as a form of political suppression and social control." Pl.'s Compl. Ex. 3, at 4. Specifically, Plaintiff believes the government is using death squads to commit mass shootings to "alter the public's perspective on the Second Amendment to the United States Constitution." Pl.'s Resp. 31.

Plaintiff provides no evidence to support his theory that the San Bernardino shooting was an episode of state-sponsored terrorism, or that the FBI fabricated a story to cover up said episode. Plaintiff's news articles and evidence of witness statements merely reflect that some witnesses saw three shooters, while the FBI was able to affirmatively identify only two shooters. Plaintiff provides nothing more than a "bare suspicion" of government impropriety which does not "warrant a belief by a reasonable person" that the government staged the shooting using death squads or engaged in a coverup. *See Favish*, 541 U.S. at 174. Plaintiff has therefore failed

---

[3] "Death squad" is a term of art coined by Plaintiff. He defines it as "an armed group whose primary activity is carrying out extra judicial killings or forced disappearances as part of political repression." Pl.'s Resp. 30–31.

to provide sufficient evidence of a significant public interest in the disclosure of Ms. Abdelmageed's statements that outweighs her personal privacy interests.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment, ECF No. 35, is GRANTED.

IT IS SO ORDERED.

DATED this 25th day of March, 2022.

/s/ Michael McShane<br>
Michael McShane<br>
United States District Judge

6 – OPINION AND ORDER